STEVEN B. KILLPACK, Federal Defender #1808
Mark S. Kouris, Assistant Federal Defender #6594
**UTAH FEDERAL DEFENDER OFFICE**
Attorney for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Facsimile: (801) 524-4060

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHANE M. HOLMAN,<br><br>Defendant. | **OBJECTION TO PRE-SENTENCE REPORT**<br><br>Case No. 2:04CR53TS |

The defendant, Shane M. Holman, by and through his attorney, Mark S. Kouris, pursuant to Rule 32.1(b) of the Criminal Rules of Practice for the United States District Court for the District of Utah, and after reviewing the Pre-sentence Report prepared by the United States Probation Office, hereby submits the following with respect to the sentencing factors. Holman objects to Paragraph 22 of the Pre-sentence Report and argues that the enhancement of the defendant's sentence based on an allegation not charged in the indictment or found by a jury to be true beyond a reasonable doubt, should be omitted.

32

## ARGUMENT

**THE 16 LEVEL ENHANCEMENT TO HOLMAN'S BASE OFFENSE LEVEL IN PARAGRAPH 22 IS INAPPROPRIATE BECAUSE IT IS BASED ON AN ALLEGATION NOT CHARGED IN THE INDICTMENT OR FOUND BY A JURY TO BE TRUE BEYOND A REASONABLE DOUBT.**

The Pre-sentence Report for the defendant, Holman, contains a recommendation for a sentence enhancement based on an allegation not charged in the indictment or found by a jury to be true beyond a reasonable doubt and, as such, is an unconstitutional basis for enhancing a defendant's sentence and should be omitted. The Supreme Court, in *Blakely v. Washington*, held that an increase in a sentencing guideline range is an increase in the prescribed statutory maximum sentence, requiring the application of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). 2004 WL 1402697, *4-5 (June 24, 2004) (finding that 37 month enhancement above 53 month sentencing guideline maximum requires application of *Apprendi*). In *Apprendi*, the Supreme Court ruled that the Fifth Amendment's Due Process Clause and the Sixth Amendment's notice and jury trial guarantees require that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (finding that state statute enhancing criminal defendant's sentence beyond prescribed statutory maximum based on preponderance of evidence in judicial fact-finding violates due process).[1] Therefore, in order to abide by a defendant's Fifth and Sixth Amendment rights, a defendant may not be sentenced beyond the prescribed statutory maximum

[1] *Blakely* and *Apprendi* both considered state sentencing regimes. While the *Blakely* decision does not address the Federal Sentencing Guidelines, *id.* at *6 n.9, there are no meaningful differences between the State of Washington's regime and that contained in the Federal Sentencing Guidelines that would change the practical effect set forth in the Supreme Court's decision.

unless each element used to sentence the defendant is alleged in the indictment, presented to a jury, and proved beyond a reasonable doubt. *See Blakely, id.* at *4–6.

Paragraph 22 of the Pre-sentence Report erroneously bases a sentencing enhancement on a fact not placed before a jury and determined beyond a reasonable doubt and, therefore, should be omitted. The defendant has pled to Possession With Intent to Distribute Methamphetamine and the elements are contained in the indictment. The enhancement alleged in Paragraph 22 of the Pre-sentence Report is based on an allegation that the defendant possessed at least 20 grams but less than 35 grams of pure methamphetamine. The Government did not charge this allegation in the indictment against the defendant. The Government did not present this allegation to the jury and the jury did not determine the truth of the allegation beyond a reasonable doubt. Therefore, this allegation may not, under *Blakely*, be the basis for a sentencing enhancement above the prescribed guideline range for the offense.

## CONCLUSION

The sentencing enhancement contained in Paragraph 22 of the Pre-sentence Report is inappropriate because it is based on an allegation that was not charged in the indictment or found

by a jury to be true beyond a reasonable doubt. Therefore, Paragraph 22 should be omitted. Based on the remaining valid sentencing provisions in the Pre-sentence Report, the defendant should have an offense level of 12.

RESPECTFULLY SUBMITTED this 10th day of July, 2004.

Mark S. Kouris
Assistant Federal Defender

## CERTIFICATE OF MAILING

I hereby certify on this 20th day of July, 2004, a true and correct copy of the foregoing Objection to Pre-Sentence Report was mailed, postage prepaid, to the following:

Colleen K. Coebergh, Esq.
Special Assistant United States Attorney
DEA
348 East South Temple
Salt Lake City, UT 84111

Jeff Rosenlund
United States Probation
350 South Main, #160
Salt Lake City, UT 84101

Sheri Vance [signature]
Utah Federal Defender Office