STEVEN B. KILLPACK, Federal Defender (#1808)
MARK S. KOURIS, Assistant Federal Defender (#6594)
Utah Federal Defender's Office
American Towers Plaza
46 West Broadway, Suite 110
Salt Lake City, UT 84010
Telephone: (801) 524-4010
Attorney for Defendant

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
JUL 28 2004
MARKUS B. ZIMMER, CLERK
BY ______
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SHANE M. HOLMAN,<br>Defendant. | **DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR DOWNWARD DEPARTURE**<br><br>Case No. 2:04CR00053TS |

SHANE M. HOLMAN, by and through his attorney of record, Mark S. Kouris, hereby submits the following memorandum in support of his Motion for a Downward Departure. Holman submits this motion and supporting memorandum on the grounds that his case is outside the heartland of cases described by the Sentencing Guidelines. Holman's purpose of committing his illegal acts do not exonerate him for his conduct, but his purpose does mitigate his case and move it out of the pure sentencing "heartland."

## ARGUMENT

Shane M. Holman ("Holman") was arrested and pled guilty to Possessing with the Intent to Distribute Methamphetamine. Holman acted as a courier and, when ordered, would pick-up the methamphetamine from a drug supplier and deliver them to another drug dealer. After

35

observing a drug delivery, officers arrested Holman and in his possession he had additional drugs and a firearm.

Holman had been fighting a losing a battle with methamphetamine addiction. He finally entered and successfully completed the St. Benedict's Hospital drug treatment program. He was then verified drug free from 2000-2003. In 2003 finances became very tight for Holman as he was underemployed and could not generate enough income to pay his monthly expenses plus attempt to control his ever growing child support arrearages.

Holman, in a moment of stupidity, decided to approach old contacts from the drug world days and asked for money making opportunities. The drug operatives employed Holman as a drug courier where he would assume the risk of the drug delivery and in return, would use the proceeds to support himself and make good on his child support obligations.

In most cases that come before the federal courts, a standard sentence is imposed under the applicable Sentencing Guidelines range. These sentencing guidelines generally apply to "a heartland ... of typical cases" and set specific sentences for specific offenses. U.S.S.G. Ch. 1 Pt. A. However, these guidelines are not considered satisfactory for all cases, particularly those with mitigating or aggravating circumstances which the Sentencing Commission could not adequately account for. U.S.S.G. § 5K2.0 and 18 U.S.C. § 3353(b). Consequently, the Sentencing Guidelines allow for departures when the facts of the case are atypical to the normal cases upon which the guidelines are based. While the Sentencing Guidelines define encouraged, discouraged and prohibited factors, they also state that "the decision as to whether and what extent departure is warranted rests with the sentencing court on a case-specific basis." U.S.S.G. § 5K2.0. These factors however, must be present to an "exceptional degree." <u>Koon v. United States</u>, 518 U.S. 81,

96 (1996). The Tenth Circuit also allows downward departures based on exceptional factors, and further, has found that an aggregation of less-exceptional factors may warrant a downward departure as well. United States v. Jones, 158 F.3d 492 (10th Cir. 1998). There, the court held that "[a] factor may be considered in the aggregate if it is 'atypical,' even though it may not be sufficient, in and of itself to support a departure." Id. at 499.

The factor worthy of mitigation in this case is that Holman was actually attempting to use the drug sales proceeds to help to reduce the child support debt he had incurred and, eventually, bring the account current. In typical drug distribution cases, the drug distributors are selling the drugs to feed their own drug addiction and/or are attempting to build a larger and larger distribution channel.

In the case at hand, Holman was augmenting his menial income with the drug proceeds in an attempt to bring his child support obligations current. He was breaking one law to try to prevent the breaking of another. In short, his ends were noble, but his means were deplorable.

The purpose of any drug activity is not an excuse. However, when comparing this purpose with the purpose of the "heartland" drug distribution it is a mitigating factor. Based on this mitigating circumstance, Holman is requesting this court to grant him a 2 offense level departure and asking this court for an ultimate sentence of 120 months in a Federal Prison.

RESPECTFULLY SUBMITTED this 26th day of August, 2004.

MARK S. KOURIS
Assistant Federal Defender

## CERTIFICATE OF MAILING

I hereby certify that on this 28 day of July, 2004, a true and correct copy of the foregoing Motion for Downward Departure and supporting memorandum was mailed, postage prepaid, or hand delivered, to the following:

Colleen K. Coebergh, Esq.
Special Assistant United States Attorney
348 East South Temple
Salt Lake City, UT 84111

Jeff Rosenlund
United States Probation Office
160 U.S. Courthouse
350 South Main
Salt Lake City, UT 84101

Sheri Jones
Utah Federal Defender Office